Peace No. 13-3708 Robert Comer v. Warden Ohio State Penitentiary Oral argument at 2 p.m. Preside, Mr. Goldmeier, President Powell Thank you very much, Your Honors. I'd like to reserve five minutes for rebuttal. Fine. Thank you. May it please the Court, Stephen Goldmeier, on behalf of Petitioner-Appellant Robert Comer. While the right to proper jury instructions and the right to assert a claim of self-defense are matters of state law and governed by state law, the United States Supreme Court has still required that defense attorneys act affirmatively to effectively protect those rights during trial proceedings. That makes this a matter for the federal courts to decide, because the fourth, the highest court that heard this in the state was the Fourth District Court of Appeals, and the fourth applied Strickland in a way that was completely unreasonable, given the facts of this case. Robert Comer's case is complex, involving a multi-stage fight in multiple locations, and the state of Ohio's self-defense law is complex and has multiple stages to it as well. Trial counsel had a duty to dissect the fight and the law to determine how it would fit with Mr. Comer's case, and he did not do so by failing in the four ways that were detailed in the brief. I'd like to focus on the jury instructions at this point. The instructions on the Castle Doctrine in this case said that the defendant had a duty to retreat and then gave what could be interpreted as the factors that determine whether that duty to retreat exists. However, in the highest state court, the Fourth District, the appellate court held that these instructions could be read either as accurate statements of the law or as inaccurate statements of the law. Those are ambiguous instructions, and the same is true, and that was under Ohio's Revised Code 2901.09, Castle Doctrine. There's another section of the Ohio Revised Code that deals with the Castle Doctrine, Revised Code 2901.05, which says that a defendant has a presumption of self-defense in cases where they're in their own home, and the instructions on that point were also problematic in that the court explicitly said that exception does not apply and then arguably went on to say reasons why it may or may not apply. But again, it's that same problem of these were the instructions presented to a jury that said this exception doesn't apply and he does have a duty to retreat, and those are inaccurate statements of the law of self-defense that were presented by the trial court. Defense counsel made no objection to these instructions as presented, and there were deficiencies in these instructions as they match with Ohio law. When the highest state court looked at these issues, the Fourth District looked at these issues, the court held that counsel had no reason, could have reasonable reasons to not object to these instructions, and that's not a reasonable application of Strickland in this case, not a reasonable application of the facts. Is Ohio, I found this somewhat confusing, is Ohio law clear on the applicable law where someone, I realize that the facts in this case are complex and you could break it down and ask certain questions, but hypothetically if someone starts a fight with deadly force and then retreats into their home and the other person comes on the curtilage of the home, is the law clear whether that person can assert self-defense? Based off of those facts, the law is not clear. If the facts were that there was a gunfight outside of somebody's home and then one person retreated into their home, the law would be clear that retreating into the home is what's required of that individual in that situation. It's the facts of this case, obviously, that make that more complex, and also the fact that there are two separate sections that are detailing the rights of a defendant to assert self-defense when their own home or their own car is involved. Well, do we have to defer to the Ohio court's statement that he wasn't entitled to the instruction? No, Your Honor. First of all, that statement by the appellate court was it's not clear that he was entitled to this instruction or it appears he may not be entitled to this instruction. So first of all, that wasn't the basis for the court's holding, but second of all, that was not a reasonable application of the law in this case because the only person injured in this gunfight that took place in front of the house was Mr. Comer, and the only action that took place after that gunfight was Mr. Comer running into his own home to escape, basically, this gunfight. The next thing that happened after that was somebody else who was not involved with the gunfight ran up to Mr. Comer's house towards the door. And those are the facts as stated. Okay, but he would still, let's say somebody does that. Okay, there's no duty to retreat, you're saying, at that point. That's right. But he still has to have a reasonable fear that his life is in danger. That's correct. He's also entitled to a presumption of self-defense under Ohio law, and the jury instructions in this case are unclear, and that's part of the reason why the law is unclear here. Was he entitled to that presumption if he started the fight? No, he is not. But in this case, that he started the fight is not a reasonable application of the law. It's not a reasonable application of the facts to the situation because there are multiple incidents that can be parsed out as the beginning of the fight, and there have been different interpretations of that. But isn't it Ohio law that they're applying? It is Ohio law that they're applying, but they're applying it unreasonably. Essentially, the arguments that were raised below were that it was plain error for these instructions to be given and that it was ineffective assistance of counsel to not object to these instructions. And the court in the ineffective assistance portion essentially said, because we found no error earlier and we found that this was not plain error, that there was no ineffective assistance. The facts of this case show that Mr. Comer was retreating from the situation, and any other interpretation of those facts is unreasonable, even under Ohio law, and is raised to this constitutional level because trial counsel totally failed to acknowledge that in failing to object to these instructions as given. So when you're arguing for habeas here, you're arguing that the state court of appeals unreasonably determined what? The law or the facts? We're arguing first that the law was unreasonably determined. Well, basically that the court used Strickland in a way that is unreasonable, the unreasonable application of Supreme Court precedent. And the reason that it's clear that that's the case is because of the facts of this case. The facts as presented by the state court, all concessions being made, the facts are that Mr. Comer ran into his own home after being injured, away from a gunfight, and then somebody else reinserted, that's the court of appeals word, reinserted himself into the fight. Somebody without a gun. Well, that's correct, but he was running up onto the porch, and all of the parties testified that he was looking to fight further, he was looking to injure Mr. Comer. And that's the testimony of the other people involved in the fight. The victim in this case, his brother, testified. Does the record indicate whether the door was shut or open? The record's not clear on those final moments of what happened when the shot took place, but it seems from the record that Mr. Comer could see out the door that Mr. Dustin Lennox was running up onto his porch and shouting, are you going to shoot me or something along those lines, some goading language. And as I said, that's in addition to being supported by the record, those are the facts as asserted by the state court. So given those facts stated by the state court, it's unreasonable to conclude that Mr. Comer was not entitled to this instruction. And even if the court in dicta or whatever you want to characterize that language as said that he may not be entitled to this instruction, the question before the court was were the instructions actually given on the issue? Were they misleading? Did they reduce the state's burden? I keep coming back to the problem of why isn't this essentially a state law matter? How does this become a Strickland problem? It becomes a Strickland problem because the state court asserted that the state law didn't require defense counsel to object in this case, and therefore he was not acting ineffectively. There's no support for that from the facts of this case, and Strickland doesn't lend support for the appellate court's decision that that's the case. A straight application of Strickland would assess should the defense counsel have objected and was there prejudice as a result. And the way that the state court applied it, given the facts as decided by the state court, was an unreasonable application of Strickland. You don't have to look beyond the facts as stated by the state court to see that they applied those facts incorrectly to Strickland and to federal case law on ineffective assistance. And are there two parts to this argument? One, the duty to retreat, and the other, this issue of being at fault? There are actually four parts argued in the brief, but that's correct that the being at fault issue, there was no clear instruction on that either. The court told the jury, I see I'm out of time, if I could just wrap up on this question. Yes. Thank you very much. The court told the jury they could only focus on Mr. Comer's conduct when determining if he was at fault for creating this incident. And as was argued during the arguments, an enhanced instruction on who was at fault would have included language that said even if Mr. Comer acted wrongfully, if he removed himself from the situation, that changes the calculus. But what if you take out the period, which we all know, I mean, punctuation is added by court reporters. I mean, it doesn't really look like much of a sentence if you leave the period in, but if you take it out, then it says the defendant had a duty to retreat if he A, was at fault in creating the situation, or B, did not have a reasonable ground or did not have grounds to believe in an honest belief that he was in imminent danger or an immediate. What's wrong with that? Well, that's correct, Your Honor. The state court acknowledged that, too. But the holding by the state court, from its own opinion, was that the instructions are ambiguous and that there are problems with the instructions, but that it didn't rise to the level that defense counsel should have objected. So that transitions from... So we have to find that unreasonable? That's correct. And the transition from that determination that the language was ambiguous to, and therefore, defense counsel had no duty to object, that's the federal law. That's Strickland saying that even if the instructions are ambiguous, and not in just that spot, there's this other problem that the court says the presumption of self-defense does not apply in Part 2 of the jury instructions. That's another point where defense counsel should have... His ears should have peaked up, and he should have said, that's not a correct statement of the law. And the holding by the state court that that is effective assistance is federally deficient, is deficient under federal law, under Strickland. Those are moments when, under federal law, counsel had to say something, and not saying something led to the jury going into the jury room without fully realizing there, to presume that Mr. Comer acted with self-defense, and then work backwards from there. When you say... I'm sorry, you're saying the judge said the presumption does not apply? Yeah, it's about halfway through Part 2 of the jury instructions. That section starts with, now the defendant is presumed to have acted in self-defense, etc. And after the period, the claims of the presumption that the defendant acted in self-defense, or defense in other words, when using defensive force, that was intended or likely to cause death or great bodily harm of another, does not apply. And then the court goes on to say, this presumption does not apply if the state proves by greater way... So there's a way of reading that, that it clears up the problem, but defense counsel allowing that to be said in the courtroom is a Strickland violation. Allowing that to be said lets a jury go into the jury room with the thought that this presumption does not apply in Mr. Comer. Well, it's just as likely, it seems to me, that listening to it, you know, as opposed to reading it, that it all sounded like a correct instruction because of the pauses and the phrases. And it can be read that way, too. I acknowledge that, Your Honor. The problem here is that defense counsel did have an obligation to check every line of these instructions, and if the court below found that these instructions were ambiguous, then the test becomes whether there was a reasonable probability that the jury was misled by these instructions. And one other question. Do we have... I know this is the transcript with this punctuation. Is there... Is there a written set of instructions that was read from? I believe so. If they're not part of this record, I can ensure that they are after this. They probably are. I would assume so, yes. But these were the oral instructions. That's correct. The instructions that were said in front of defense counsel, in front of the jury, before they went into deliberations. But do you know for a fact whether there were written instructions and whether they're in our record? I don't recall, Your Honor. The briefing... The argument from this case has been about the oral instructions from the very beginning. That's something I can present to the court in a... But I guess if there's a set of written instructions that basically tracks this language with different punctuation, it seems to me that it's a fair inference that that's what the judge read and this is what the court reporter... This is where the court reporter chose to put the punctuation. That was not the basis for the state court's holding. The state court's basis was on these instructions as presented to them through this transcript, that this is ambiguous but not enough to trigger defense counsel. Right, but one of the things the court did say was made a comment about where that period is located. That's correct, but the holding was based off of even though this is ambiguous, we've decided that counsel didn't have this duty. And that's, again, the federal component that this court is writing. Thank you very much, Your Honor. Thank you. Good morning. Maura O'Neill Jait on behalf of the respondent, Apolli Warden. The district court correctly determined that Mr. Comer's ineffective assistance of trial counsel claimed lax merit and the district court properly dismissed Comer's habeas petition. But if you have a case that clearly... I mean, we know he shot him. That's the only issue in this case. And if the instructions to the jury are completely muddled and the jury did not know whether this person had a right to shoot if he was afraid for his life or not, or whether he had a duty to retreat further into his house, etc., how can it be a fair trial? Well, Your Honor, consistent with the court's concerns that were expressed earlier, the issue of the jury instructions is strictly a matter of state court law and state interpretation of Ohio law. And the district court properly deferred to the state appellate court's determination that the jury instructions were not improper and that, as discussed earlier, the punctuation... This could be a scrivener's error and the appellate court did not find that the instruction given was in error. Were there written instructions in this case? Well, I drafted the return of writ in this manner and typically if the local courts give us written instructions when they're transmitting the state court record to us, I would file those. I don't see where they're filed as an exhibit so we would have to check with the common police court. It's not clear to me what record was provided in this case from looking at the docket sheet in the federal district court. I don't have my exhibit list, but in regards to the trial, we filed the indictment as well as the trial transcripts. And of course everything on direct appeal and the appeal to the Ohio Supreme Court. But our argument is focused on the fact that the district court's dismissal of Mr. Comer's habeas petition should be affirmed. The court's dismissal implicitly found that the state appellate court's rejection of the ineffective assistance trial claim was not contrary or an unreasonable application of Strickland. Both courts found that Comer did not establish deficient performance or actual prejudice. And the district court's decision is based on several clearly established principles. One being that the federal habeas court is bound by the Ohio court's interpretation of Ohio law. Two, that a trial attorney's performance is not unconstitutionally deficient for failing to raise a meritless argument. Also, a criminal defendant has not established unconstitutional prejudice when no error has occurred. So once again... Suppose hypothetically that the state appeals court is completely wrong in saying what the state law is. Suppose hypothetically that there's an Ohio Supreme Court decision that's contrary to what the state appeals court says, but for whatever reason the Ohio Supreme Court didn't grant cert in the case. Is the federal court bound by this hypothetically totally wrong statement of state law on a Strickland claim? I would think that the appellant would have to show manifest injustice in order to get to that. So you essentially get down to the prejudice prong. Correct. In my brief I did address constitutional issues a little bit in relation to the jury instructions, but the courts have said that even if a jury instruction is confusing that that does not necessarily rise to the level of a constitutional violation. In this case the state court came out and said the jury instruction was correct. And also more importantly that Comer wasn't even entitled to a self-defense or castle doctrine instruction based on the facts of this case. The witnesses stated that Dustin Lennox, the victim, was approaching the house with his hands up in the air, palms facing up. He was clearly unarmed and was taunting Mr. Comer saying what are you going to shoot me? Go ahead and shoot me. Well when you say he's clearly unarmed he might have a weapon in his clothing, right? He doesn't have one in his hands right then. Well the witnesses testified that no one had seen him with a weapon and he certainly wasn't brandishing a weapon and his hands were in the air and he wasn't making any threats to use a weapon. There was no testimony that Dustin ever tried to get into the house. Even Mr. Comer said that he never saw him reach for the door. Dustin's brother Cody said that Dustin was shot right when he got on the porch. The porch under Ohio law is considered part of the house, right? Well it is, but So if Dustin were in the living room would the case be different? Depending on how he got in the house. He opens the door and walks in. Well that would be different. That would be different because the Castle Doctrine specifically has a prong dealing with a person unlawfully trying to enter the house. But I thought the porch was part of the house under Ohio law. Well it is, but in this case the appellant was in he ran back in his house. Comer came out well first of all going back, there was an original altercation at the house next door, a physical fight. It was broken up and Mr. Comer stormed off. He stormed off in a rage, he slammed the door, broke it and was cursing, swearing, threatening to even Mr. Comer during the trial admitted that first altercation, that was over. Mr. Comer goes in his house he gets a gun, he loads it he comes back out and he fires a warning shot. Cody testified that he fired the shot it was at an angle, not straight up in the air and while he didn't appear to be aiming at Dustin, he fired it in the general direction of Dustin and Mr. Comer then ran back towards his house and fired another shot behind him while he's running into his house. I mean the house isn't like safe, I'm home, it's goal, I can go here and shoot anybody I want. When Comer is shot Correct Cody, the victim's brother after the warning shot was fired Cody said, if you shoot that gun or if you fire that gun anymore, I will shoot you and Mr. Comer did in fact shoot the gun. He ran and was firing it behind him shooting it. He went in the house After being shot Comer was shot, right, by Cody? Correct, but this is after he had fired two shots by that time. You're saying that if Cody had shot Comer and killed him are you saying you wouldn't have prosecuted? Well I don't know, I don't have the I mean, this is Comer didn't shoot at anybody He was being a jerk and firing his gun all over the place and then Cody shoots at him and hits him Well when he shot behind him he was shooting where people were present at least recklessly shooting without looking behind him He went into his home, right? He retreated at that point, right? Well the other witness said that he was going back out to shoot some more But Comer went back into his house after having been shot, right? Correct. Okay, so he was wounded and he's inside his house I don't remember how seriously he was I think he was in the doorway actually when he got shot Was the door open? Yes, he had propped the door open Okay, so then he goes into his house after being shot and apparently you say he was shot in the doorway of his own house? Yes Does he shut the door then? Does the record show that? Not right away At some point the door did get shut because he shot through it and shot the unarmed Dustin So did the door have windows in it? Yes, he shot through the glass He shot more than once through the glass So Comer could see where he was aiming and shot through the glass and hits Dustin on the porch Correct. Three to four feet away from the door And so my basic question was could Comer have done that if Dustin was inside the house? All the other facts being exactly the same If Dustin had walked through the door into Comer's house could Comer have shot Dustin under exactly these circumstances? Well, it's hard to say Every self-defense and castle doctrine case is very fact specific I'm changing one fact and asking you how would it be resolved? Well, there's still a problem for Comer He's not entitled to this castle doctrine protection because he initiated the deadly force in the case He walked in with a gun This is what doesn't make sense to me Dustin's standing in his living room with a gun and he says, I'm going to kill you right now That's not the facts in this case Counsel, but you're invoking this he started the affray He's now retreated into his house someone standing in front of him with a gun and you're saying the law doesn't allow him to exert self-defense because he started the business outside his house? Well, in this case we also have the element of whether he's in reasonable fear I agree with you on that that seems to me to be a different question though I agree with you that his problem isn't so much the castle doctrine it's whether he's in reasonable fear but let's put that aside he's standing there in his living room this man has a gun pointing at him Is he allowed to shoot or has he lost that right because he started the fight? I believe he lost the right and that's what the state court their decision that he wasn't entitled to You have to be shot That's what you're saying You have to take the bullet No, I think that any hypothetical is a matter of state law only and it's dependent on the trier of fact and in this case the trier of fact decided that he wasn't entitled to a self-defense instruction he wasn't entitled to a castle doctrine instruction The trier of fact didn't decide on the instructions the trier of fact was the jury the judge decided to give this instruction or whatever it was Right, and those instructions were affirmed on appeal Right, but that's not you really haven't answered the question and I understand because the facts are problematic if you do that Are you saying that under Ohio law Is this Ohio or Kentucky? Ohio, surprisingly It's Ohio It seems to me to be very strange that I understand you start a fight you shoot somebody they go to shoot you back and then you can't claim self-defense by the fact that you're in a gun fight It's a little bit different when you've retreated into your house and it's even more different if somebody has a gun in your house pointed at you and it would seem to me to be very bizarre if you could not shoot in self-defense when someone has entered your house after you've retreated and I'm wondering if you're saying that Well I mean to me it's still very fact specific and maybe in direct review that would be an issue but in habeas because the court's bound by these state determinations that he was not entitled to the instructions Well what if you had that situation the facts are undisputed there was a fight outside guns were fired back and forth somebody runs into their house retreats, closes the door somebody else comes back in their house points a gun at them and that person clearly fires in self-defense and the state court says you can't do that Is that a constitutional issue? I think it's still dependent on the shooter's actions before then and how the person got in the house You could have a state law that there is no self-defense defense and there's no federal constitutional argument there, is there? No, this is a state right only Well the states can't limit the rights your due process right or your first amendment right but the state could say there's no self-defense right unless that violates the second amendment which we won't get into Oh no, I'm not here for that But nobody raised the second amendment here so that's waived or forfeited as the case may be So the key is that in order for there to be a constitutional violation that's addressable in habeas there has to be some gross error on the part of the state court in interpreting state law that the counsel should have objected to and the failure to object violates the Strickland principles of effective assistance of counsel Right, he would have to show the deficient performance which in this case because the state court said that the instructions were correct and he wasn't entitled to those instructions he's not shown deficient performance, he hasn't shown an error, but he'd also have to show actual prejudice and he has to establish both, not just one Thank you, we've taken over your time Thank you very much, your honors The questions that you're asking are all very important questions and I think the hard part for this case is teasing out exactly where those constitutional rights begin and the rights under state law end, and if the state has granted defendants the right to present a certain claim of self-defense, counsel failing to preserve that claim of self-defense through proper jury instructions is the constitutional violation here, that's the problem Even if counsel's duties are created by state law, failing to rise to those duties is a federal violation In this case the state court said that the jury instructions could be confusing, but confusing may not equal a constitutional violation. The question is not whether the jury instructions constituted a constitutional violation it's whether the confusingness of the jury instructions created the requirement for counsel to object It doesn't have to rise to a constitutional violation on the face of the jury instructions alone, it merely has to rise to the point that for those jury instructions there's a reasonable probability that the wrong jury instructions led to this conviction, and defense counsel had the obligation to correct that. That's as far as it goes as defense counsel's obligation In a murder proceeding where self-defense is critical a holding by a state court that trial counsel has no obligation to object to confusing jury instructions is unreasonable in light of Strickland But what about the alternative holding that he wasn't entitled to it anyway? That would be an unreasonable application of state law as well and I know that's not directly in front of this court this question of whether it was a violation of Mr. Comer's constitutional rights to deny him a self-defense instruction if he was entitled to it by state law. That's not before this court because he did get the instruction That issue could be fully teased out if he was denied this instruction, and I think there would be a constitutional claim that his due process rights had been violated because the state law, the court applied state law contrary to the state's own law in some way and the highest court ignored it Ohio's Supreme Court review process is essentially the Supreme Court can decide whether or not they want to hear cases, and they don't hear most cases, and so the highest court is obviously the appellate court in this case. Any of those issues are not a part of this case, but they could be if the instruction had not been given. But in this case, not giving the instruction is an unreasonable application of Ohio law and failing to object to the instruction as given is unreasonable on trial counsel's part and failing to recognize that is unreasonable on the part of the highest state court. If there are no further questions, I'll yield my final two minutes. Thank you very much.